Van Nostrand vs. Carr, et al.

(Decided 1st February, 1869.)

## WILLIAM A. VAN NOSTRAND *vs.* ROBERT H. CARR, and others.

### *Appeal—Bankrupt Law of the United States.*

An appeal will lie from an order of the Court of Common Pleas, removing a trustee in insolvency and dismissing the petition of the applicant for the benefit of the Insolvent Laws.

Under the Act of Congress, entitled "An Act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867, the Federal Courts have exclusive jurisdiction in all matters and proceedings in bankruptcy.

Van Nostrand *vs.* Carr, *et al.*

The application of a party for the benefit of the Insolvent Laws of Maryland, is an act of bankruptcy within the provisions of the 39th section of the Bankrupt Law of the United States.

The insufficiency of the assets of an insolvent debtor to pay fifty per cent. of his debts, and the uncertainty of his being able to procure the written consent of a majority in number and value of his creditors, who have proved their claims, to his discharge, in no way affect the jurisdiction of the Bankrupt Court; its jurisdiction is independent of the right of the party ultimately to obtain his discharge.

APPEAL from the Court of Common Pleas.

On the 15th of June, 1868, the appellant applied for the benefit of the Insolvent Laws. The application was in the usual form and G. H. Williams was appointed trustee, and gave bond, which was approved. On the 27th of June, the appellees filed their petition stating that the debts of the applicant exceeded $15,000; and that the pretensions of the trustee were prejudicial to their interests, cast a cloud on their liens, and would hinder their enforcement; that the applicant was a resident of Anne Arundel county; and that by reason of the Bankrupt Act of the United States, the appointment of the trustee was a nullity, and prayed that the appointment be revoked. The trustee answered, denying the averments of the petition, and insisted that as the applicant could not pay fifty per cent. of his indebtedness, he was not within the purview of the Bankrupt Act. The appellant also answered, and in like manner insisted that he was not within the scope of the Act of Congress; he also filed a petition stating that he had failed to say in his application that he could not pay fifty per cent. of the claims against him; and that he had reasonable cause to believe he could not procure the assent of a majority of his creditors, as by the Act of Congress was required, and he asked for leave to amend his petition by adding such statements.

The Court (GAREY, J.) granted leave so to amend and directed the service of a copy of the petition upon the appellees. Robert H. Carr, one of the appellees, answered,

and among other defences insisted that it could not then be ascertained, whether the appellant could or could not procure the assent of a majority of his creditors, and protested against the jurisdiction of the Court, and again asked that the appointment of the trustee might be vacated.    On the 22d of July, 1868, the Court passed an order removing the trustee and dismissing the application of the insolvent, and at the same time certified that the Court had no jurisdiction over the case, that it was provided for by the Bankrupt Act of the United States, and that the inability of the petitioner to pay fifty per cent. of the claims against him made no difference; and that by reason of the Bankrupt Act, there was no law of the State providing for such an application in insolvency.

From this order the present appeal was taken.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*George H. Williams,* for the appellant.

*Thomas M. Lanahan* and *Robert J. Brent,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

We have no doubt of the jurisdiction of this Court to entertain the present appeal.

By the Constitution of 1867, Article 4, section 14, it is provided that the jurisdiction of the Court of Appeals, shall be " such as now is or may hereafter be prescribed by law." The Act of 1865, ch. 91, declares that " any person interested may appeal from the decision of the Court, on any question arising under the insolvent law."    That Act remains unrepealed.

It has been argued by the appellees that the right of appeal in such case is taken away by the 28th section of the 4th Article of the Constitution, which declares that " the

Court of Common Pleas shall have exclusive jurisdiction in all applications for the benefit of the Insolvent Laws of Maryland, and the supervision and control of the trustees thereof." This provision, it has been contended, makes the decision of the Court of Common Pleas, in insolvent cases, final and conclusive. But by reference to the 28th section, it appears very plain that such was not its intent. In that section several cases are enumerated, in which the jurisdiction of the several Courts in Baltimore city is made concurrent, and to distinguish from them cases in insolvency, it is provided that as to these the jurisdiction of the Court of Common Pleas shall be exclusive, and not concurrent with either the City Court, or the Superior Court. That section cannot be construed to make the judgment of the Court of Common Pleas final and conclusive, and to deny the right of appeal in the face of the express provisions of the Act of 1865, and the 14th section of the 4th Article of the Constitution, by which the right of appeal is expressly conferred and recognized.

The appeal is from an order of the Court of Common Pleas, removing the trustee in insolvency, and dismissing the petition of the appellant as an insolvent debtor. The Court below proceeded upon the ground that the case of the appellant came within the provisions of the Bankrupt Law of the United States; and was exclusively within the jurisdiction of the Federal Courts, and that the Insolvent Court had no jurisdiction or power to entertain his application.

The power to "establish uniform laws on the subject of bankruptcies throughout the United States," is conferred upon Congress by the Constitution, Article 1, section 8; and it has been settled, by the decisions of the Supreme Court, that when this legislative power has been exercised, it is paramount and exclusive, and suspends the operation of the Insolvent Laws of a State, and the jurisdiction of the State Courts over cases falling within the purview and operation of the Bankrupt Law. *Sturgis vs. Crowninshield,* 4 *Wheaton,* 122; *Ogden vs. Saunders,* 12 *Wheaton,* 213; *Ex.*

*parte Eames,* 2 *Story's R.,* 322; *Larrabee vs. Talbott,* 5 *Gill,* 426. We refer also to the recent cases of *Commonwealth vs. O'Hara,* 6 *Am. L. Reg.,* (*N. S.,*) 765, and *Perry vs. Langley,* 7 *Am. L. Reg.,* (*N. S.,*) 429. Such being the established law, the only question left for us to determine on the present appeal is, whether the case of the appellant falls within the purview of the Bankrupt Law, passed March 2d, 1867, ch. 176. This Act was in full operation at the time of the appellant's petition in insolvency, and this proceeding was an Act of Bankruptcy within the 39th section.

The only ground relied on to take the case out of the scope of the Act of Congress, is presented by the amendment to the insolvent petition which alleges that the assets of the insolvent "are not sufficient to pay fifty *per centum* of his debts, and that he has reasonable cause to believe a majority of his creditors, taking into consideration their number and value would not otherwise consent to his discharge.".

By the 33d section of the Act, a debtor whose assets do not pay fifty *per centum* of the claims against his estate, is not entitled to be discharged unless by the assent of a majority in number and value of his creditors who have proved their claims; and the argument of the appellant is that the design and purpose of the law being. to enable a bankrupt debtor to obtain a discharge by complying with its provisions; the law does not apply to a case where a party is liable to fail in obtaining his discharge by reason of the provisions of the 33d section.

In our opinion, this is a mistaken construction of the law. The jurisdiction of the Bankrupt Court does not depend upon the right of the party ultimately to obtain his discharge, this may be denied to him for various causes enumerated in the law, and can be determined only by facts and circumstances disclosed in the progress of the cause, after the jurisdiction has attached; it is not essential to the jurisdiction that the party shall appear to be entitled to a discharge without the consent of his creditors. It may perhaps be considered a

hard and cruel provision of the law which denies to an honest debtor the benefit of a discharge, except by the assent of his creditors; but such considerations are more proper for the legislature than for the Courts, whose province is to declare the law as it is written, and not to judge of the wisdom or expediency of its provisions.

Being of opinion that the case presented by the petition of the appellant, was within the scope and operation of the bankrupt law, we affirm the order of the Court of Common Pleas.

*Order affirmed.*

(Decided 5th February, 1869.)